**SO ORDERED.**

**SIGNED this 1 day of October, 2019.**

_____
**Joseph N. Callaway**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>CAH ACQUISITION COMPANY 6, LLC d/b/a I-70 COMMUNITY HOSPITAL,<br><br>        Debtor. | Case No. 19-01300-5-JNC<br><br>Chapter 11 |
| THOMAS W. WALDREP, JR., as Chapter 11 Trustee for CAH ACQUISITION COMPANY 6, LLC d/b/a I-70 COMMUNITY HOSPITAL,<br><br>        Plaintiff,<br><br>v.<br><br>GTR SOURCE LLC,<br><br>        Defendant. | Adv. Pro. No. 19-00104-5-JNC |

### ORDER APPROVING COMPROMISE AND SETTLEMENT

Upon the *Motion for Approval of Compromise and Settlement* (the "9019 Motion") [Dkt. No. 9] filed by Thomas W. Waldrep, Jr. as Chapter 11 Trustee (the "Trustee), wherein the Trustee

1

sought, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, entry of an Order approving the proposed compromise and settlement of claims asserted by the Trustee on behalf of the above-captioned debtor (the "Debtor") against GTR Source LLC (the "Defendant," together with the Trustee, the "Parties") concerning the 548 Transfers and 549 Transfer (as defined below) more specifically detailed in the Complaint; and due and sufficient notice of the Motion having been given; and the Court having jurisdiction to consider the Motion and the relief requested therein; and no objections or responses having been filed regarding the Motion; and the Court, having reviewed the Motion and, after due deliberation, it appearing that the relief requested by the Motion is in the best interest of the Debtor's estate, the Debtor's creditors, and other parties in interest, the Court hereby finds and concludes as follows:

**Findings of Fact**

1. On March 21, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*.

2. On March 29, 2019, the Court entered an Order approving the appointment of the Trustee as Chapter 11 trustee for the Debtor.

3. Since his appointment, the Trustee has administered the estate of the Debtor as well as six other affiliated debtors in bankruptcy cases currently pending before this Court (collectively, the "Affiliated Debtors"). See *Order Directing Joint Administration of Chapter 11 Cases*, Case No. 19-7300 [Dkt. No. 75].

4. The Debtor operates I-70 Community Hospital ("I-70"), a for-profit, Critical Access Hospital located in Sweet Springs, Missouri.

5. Prior to the Petition Date, I-70 provided acute care, swing bed, emergency medicine, radiology, physical rehabilitation, laboratory, and related outpatient ancillary services to residents in Sweet Springs and the surrounding communities.

6. Upon information and belief, the Debtor is currently owned by HMC/CAH Consolidated, Inc. ("HMC") (20% interest) and Health Acquisition Company, LLC ("HAC," and together with HMC, the "Owners") (80% interest).

7. On June 25, 2019, the Trustee filed the *Complaint for Avoidance and Recovery of Preferential Transfers, Fraudulent Transfers, and Post-petition Transfers* (the "Complaint") [Dkt. No. 1] against the Defendant on the Debtor's behalf.

8. The Complaint alleged that the Defendant was the recipient of $23,998.00 in avoidable fraudulent transfers pursuant to Section 548 of the Bankruptcy Code (the "548 Transfers"); alternatively, the 548 Transfers were also avoidable as preferences pursuant to Section 547 of the Bankruptcy Code; and the Defendant was the recipient of $71,545.85 from an avoidable, unauthorized post-petition transfer pursuant to Section 549 of the Bankruptcy Code (the "549 Transfer").

9. Through the Complaint, the Trustee sought the avoidance and recovery of the 548 Transfers and the 549 Transfer pursuant to Section 550 of the Bankruptcy Code, as well as the preservation of any avoided liens for the benefit of the Debtor's estate pursuant to Section 551 of the Bankruptcy Code.

10. Subsequent to the filing of the Complaint, the Trustee and the Defendant filed the *Joint Motion for Entry of Agreed Order Granting Extension of Time to Respond to Complaint* (the "Joint Extension Motion") [Dkt. No. 4] on July 22, 2019 and the *Second Joint Motion for Entry of Agreed Order Granting Extension of Time to Respond to Complaint* (the "Second Joint Extension

Motion") [Dkt. No. 6] on August 23, 2019. As stated in the Second Joint Extension Motion, the Trustee and Defendant were pursuing potential settlement options in lieu of litigation.

**I.      Terms of the Compromise and Settlement**

11. In order to resolve the Trustee's claims and avoid the expense and delay attendant to the litigation of this adversary proceeding, and as a result of good faith, arms-length negotiations between the Parties, the Parties have agreed to resolve the Trustee's claims on the terms set forth in the 9019 Motion.

12. The terms of the compromise and settlement (the "Settlement") are as follows:

a. The Defendant shall, no later than three (3) business days after the entry of this Order, remit to the Trustee the total sum of $87,553.91 for the benefit of the Debtor's estate (the "Settlement Payment"). The sum of $71,053.9[1] shall be allocated in satisfaction of the 549 Transfer, and the sum of $16,500.00 shall be allocated in satisfaction of the 548 Transfers.

b. The Defendant shall have an allowed general unsecured claim pursuant to Section 502(h) of the Bankruptcy Code in the Debtor's case in the amount of the Settlement Payment.

c. The remittance of the Settlement Payment shall be deemed to fully and finally satisfy the Trustee's claims asserted against the Defendant in the Complaint, and the Defendant shall be forever released of all liability related to such claims.

d. Within two (2) business days of receipt of the Settlement Payment, the Trustee shall move the Court to dismiss the Complaint, with prejudice.

e. Except as set forth above, neither of the Parties will be deemed to waive, or be prejudiced from asserting, any future claim arising from facts or circumstances unrelated to the allegations of the Complaint.

**Conclusions of Law**

13. Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. Pro.

---

[1] The amount garnished from the Debtor's account was $71,545.85. The garnishing New York City Marshal (the "Marshal") retained $491.94 as a fee and the Defendant received the remaining $71,053.91. The Marshal has already returned his fee to the Trustee for the benefit of the Debtor's estate.

4

9019(a). Before approving a settlement under Bankruptcy Rule 9019, a court must determine that the proposed settlement is in the best interests of the debtor's estate. St. Paul Fire & Marine Ins. Co. v. Vaughn, 779 F.2d 1003, 1010 (4th Cir. 1985) (upholding bankruptcy court's approval of settlement because it was "in the best interests of the estate as a whole"); In re Babb, Case No. 06-03003, 2009 Bankr. LEXIS 131, at *7 (Bankr. E.D.N.C. Jan. 26, 2009) ("[T]he court must consider the probability of success in litigation and assess the wisdom of the proposed compromise in determining whether the compromise is fair and equitable and in the best interests of the estate.").

14. The United States Supreme Court has stated that, in determining the fairness of a compromise, a judge should:

> [F]orm an educated estimate of the complexity, expense and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of the litigation.

Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-25 (1968). Courts within the Fourth Circuit applying the TMT Trailer case in the context of evaluating a settlement pursuant to Bankruptcy Rule 9019(a) have identified several factors to be considered, including the probability of success in litigation, the complexity of the litigation involved and the expense, inconvenience and delay attending it, and the interest of the creditors. Crawford v. CIT Group/Commercial Servs., Inc. et al. (In re Southern Hosiery Mill, Inc.), Case No. 07-50997, Adv. Pro. No. 09-5042, 2012 Bankr. LEXIS 802, at *4 (Bankr. W.D.N.C. Jan. 26, 2012); Maloy et al. v. Sigmon et al. (In re Maloy), Case No. 07-30813, 2009 Bankr. LEXIS 4010, at *10-11 (Bankr. W.D.N.C. Dec. 7, 2009); Babb, 2009 Bankr. LEXIS 131, at *7.

15. As courts have noted, it is not for the bankruptcy court "'to decide the numerous questions of law and fact [presented] but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness.'" Maloy v. Sigmon, 2009 Bankr. LEXIS 4010, at *11 (citations omitted); see also Crawford v. CIT Group, 2012 Bankr. LEXIS 802, at *5; Flinn et al. v. FMC Corp. and Local 9 Textile Workers Union of Am., AFL-CIO, 528 F.2d 1169, 1172-73 (4th Cir. 1975).

16. The Court concludes the Settlement is fair and equitable, in the best interests of the Debtor's estate, and avoids the significant costs, expenses, and time involved in further litigation of the Trustee's claims asserted against the Defendant. If allowed, the Settlement would resolve claims valued by the Trustee at $95,543.85 for $87,553.91, a discount of $7,498.00 (the "Discount") after accounting for the fee returned by the Marshal.

17. The Court recognizes that this discount is likely far below the administrative and litigation costs that would be incurred by the Debtor's estate by further litigation. In short, the Debtor's estate is obtaining a greater benefit through the Settlement than it would if such Settlement did not occur at this juncture, and therefore, the Settlement is reasonable.

NOW, based upon the 9019 Motion and the record before the Court with respect to the 9019 Motion, and good cause appearing therefor,

**IT IS ORDERED, ADJUDTED AND DECREED** as follows:

A. The Motion is **GRANTED** and the findings and conclusions of law above are incorporated herein by reference;

B. The Trustee's proposed Settlement is hereby **APPROVED**;

C. No later than three (3) business days after the entry of this Order, the Defendant shall remit to the Trustee the Settlement Payment for the benefit of the Debtor's estate.

D.       The sum of $71,053.91 shall be allocated in satisfaction of the 549 Transfer;

E.       The sum of $16,500.00 shall be allocated in satisfaction of the 548 Transfers;

F.       The Defendant shall hereby have an allowed general unsecured claim pursuant to Section 502(h) of the Bankruptcy Code in this Debtor's case in the amount of the Settlement Payment;

G.       The remittance of the Settlement Payment shall be deemed to fully and finally satisfy the Trustee's claims asserted against the Defendant in the Complaint, and the Defendant shall be forever released of all liability related to such claims and all claims that could have been asserted in the Complaint;

H.       Within (2) business days of receipt of the Settlement Payment, the Trustee is ordered to move to dismiss the Complaint, with prejudice.

I.       Except as set forth above, neither of the Parties will be deemed to waive, or be prejudiced from asserting, any future claim arising from facts or circumstances unrelated to the allegations of, or that could have been asserted in, the Complaint;

J.       The Parties are hereby authorized to take all actions necessary to implement the terms of this Order;

K.       The failure to include any specific provisions of the Settlement in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the parties be authorized to perform under this Order with respect to the Settlement in its entirety;

L.       The Court shall retain jurisdiction to enforce the terms of the Settlement; and

M.       Within one (1) business day of the date on which this Order is entered, the Trustee shall serve counsel for the Defendant with this Order through ordinary first-class mail as well as by electronic mail.

--END OF DOCUMENT--