## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 19-01300-5-JNC |
| CAH ACQUISITION COMPANY 6, LLC, ) | |
| d/b/a I-70 COMMUNITY HOSPITAL, ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |

### TRUSTEE'S MOTION TO CONVERT CASE FROM ONE UNDER CHAPTER 11 TO ONE UNDER CHAPTER 7

NOW COMES Thomas W. Waldrep, Jr., the duly appointed Chapter 11 Trustee (the "Trustee") for the above captioned case, and hereby requests that the Court enter an order converting this case from one under Chapter 11 of the United States Bankruptcy Code (the "Code") to one under Chapter 7 of the Code pursuant to 11 U.S.C. § 1112(b) and Rule 9014 of the Federal Rules of Bankruptcy Procedure. In support of this Motion, the Trustee respectfully states as follows:

### JURISDICTION AND VENUE

1. This United States Bankruptcy Court for the Eastern District of North Carolina (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### FACTUAL AND PROCEDURAL BACKGROUND

3. On March 21, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq*.

1

4. The Debtor operated I-70 Community Hospital ("I-70"), a for-profit, Critical Access Hospital in Sweet Springs, Missouri. I-70 provided acute care, swing bed, emergency medicine, radiology, physical rehabilitation, laboratory, and related outpatient ancillary services to residents in Sweet Springs and in surrounding communities. I-70 closed prior to the Petition Date.

5. Prior to the Petition date, creditor First Liberty Bank ("First Liberty") made a loan to the Debtor, which First Liberty asserts is secured by a first priority lien on the Debtor's Real Property. Subsequently, First Liberty filed a lawsuit against the Debtor in the Circuit Court of Saline County, Missouri (the "State Court Action"). Additionally, First Liberty sought the appointment of a state court receiver over the Debtor, its property, and its operations (the "Receivership Action").

6. Before the State Court Action or the Receivership action concluded, the Debtor filed its petition. On March 29, 2019, the Court entered an order appointing the Trustee to administer the Debtor's estate [Dkt. No. 19].

7. Since commencement of the Debtor's case, First Liberty and the Trustee litigated numerous issues as outlined in the Trustee's *Motion for Entry of an Order Approving Mediated Settlement Agreement Between (i) the Trustee; (ii) First Liberty Bank; and (iii) Brent King* [Dkt. No. 247].

8. The Court entered its Order *Approving Mediated Settlement Agreement Between (i) the Trustee; (ii) First Liberty Bank; and (iii) Brent King* (the "Settlement Order") [Doc. No. 278], on August 30, 2019.

9. The Settlement Order included a drop-dead provision from the Mediated Settlement Agreement, which after certain events were triggered, including the failure of the sale of the

Debtor's assets to close, allowed First Liberty the right to relief from the automatic stay. In the interim, the Trustee sought a suitable purchaser for the Debtor's assets.

10. On September 30, 2019, the Trustee filed a Chapter 11 Plan of Orderly Liquidation in the Debtor's case. On October 17, 2019, the Trustee filed an Amended Chapter 11 Plan of Orderly Liquidation (collectively, the "Plan") in the Debtor's case [Dkt. No. 340].

11. On November 6, 2019, the Trustee filed his *Motion for Order (A) Establishing Bid Procedures, (B) Approving Stalking Horse Bidder, (C) Approving Form and Manner of Notices, (D) Scheduling Hearing to Consider Final Approval of Sale and Treatment of Executory Contracts and Unexpired Leases, and (E) Granting Related Relief* (the "Bidding Procedures Motion") [Dkt. No. 362]. On November 27, 2019, the Court entered an Order granting the Bidding Procedures Motion [Dkt. No. 400].

12. On February 7, 2020, the Court entered its Order *(A) Approving Sale Free and Clear of All Liens, Claims, Interests, and Encumbrances and (B) Granting Related Relief* (the "Sale Order") [Dkt. No. 486], whereby substantially all of the Debtor's assets were to be sold to Affinity Health Partners LLC ("Affinity").

13. The proposed sale to Affinity was expected to close by at least May 2020. However, Affinity was unable to obtain adequate third-party financing, and that sale did not close. The Trustee could not find any acceptable subsequent or substitute purchaser for any of the Debtor's assets.

14. As provided in the Settlement Order, First Liberty could seek immediate relief from the automatic stay upon the failure of the sale to timely close. On May 5, 2020 the Court entered the *Stipulated and Agreed Order Granting First Liberty Bank's Motion for Relief from the Automatic Stay* [Dkt. No. 549], granting First Liberty relief from the automatic stay and permitting

the bank to enforce its rights with respect to I-70's assets. The Trustee understands that First Liberty has concluded the foreclosure of the real property.

## BASIS FOR THE RELIEF REQUESTED

15. Under Section 1112(b), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate.

16. In converting a case for cause under section 1112(b) "the court should remain cognizant of the two recognized policies of chapter 11 reorganization: 'preserving going concerns and maximizing property available to satisfy creditors.'" In re Landmark Atl. Hess Farm, LLC, 448 B.R. 707, 713 (Bankr. D. Md. 2011) (internal citations omitted). A case may be converted or dismissed for cause when there is no going concern of the Debtor to preserve. Carolin Corp. v. Miller, 886 F.2d 693, 701–02 (4th Cir. 1989). Additionally, cause exists when there is no reasonable likelihood of rehabilitation. 11 U.S.C. § 1112(b)(4)(A).

17. This Debtor had ceased operations before the Petition Date. While the Trustee has made since his appointment substantial efforts to effectuate a sale and confirm a Plan, those efforts have not succeeded.

18. First Liberty has foreclosed on the Debtor's real property, leaving no going concern value to retain and leaving no possibility of a sale for the benefit of the estate. Therefore, cause exists to convert the Debtor's case to one under Chapter 7 of the Code.

## RELIEF REQUESTED

19. For the reasons set forth herein the Court has cause to convert the Debtor's case pursuant to section 1112(b).

20. Because the Debtor has no operations and has no going concern value to preserve, the Court should convert this case to one under Chapter 7. Moreover, a Chapter 7 Trustee, when appointed, can effectively liquidate the Debtor's remaining assets. The Trustee believes it appropriate for him to be appointed as Chapter 7 trustee in any converted case.

21. The Trustee currently has $16,306.32 on hand in this case. During the pendency of this case First Liberty advanced $50,000 to the estate for maintenance and preservation of the facility pursuant to the terms of the settlement agreement and Settlement Order (the "Bank Trustee Loan"). The provisions of the Settlement Order provided, among other things, that First Liberty would have a superpriority lien on the Debtor's assets to secure the Bank Trustee Loan. The Trustee also requests authority to distribute the Debtor's cash on hand to First Liberty as a setoff to any rights or remedies First Liberty is entitled to against the Debtor pursuant to the settlement agreement and Settlement Order, including but not limited to repayment of the Bank Trustee Loan.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order:

1. Converting the Debtor's case to Chapter 7;

2. Appointing an Interim Chapter 7 Trustee;

3. Releasing the Trustee of his duties pursuant to the Order Appointing Interim Trustee;

4. Allowing the Trustee to distribute Debtor's cash on hand as setoff of the Bank Trustee Loan; and

5. For any such further relief the Court deems just and proper.

This the 18th day of September 2020.

        **WALDREP LLP**

        **/s/ *James C. Lanik***
        Thomas W. Waldrep, Jr. (NC State Bar No. 11135)
        James C. Lanik (NC State Bar No. 30454)
        Jennifer B. Lyday (NC Bar No. 39871)
        101 S. Stratford Road, Suite 210
        Winston-Salem, NC 27104
        Telephone: 336-717-1440  Telefax: 336-717-1340
        Email: notice@waldrepllp.com

        *Attorneys for Chapter 11 Trustee, Thomas W. Waldrep, Jr.*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | **Case No. 19-01300-5-JNC** |
| **CAH ACQUISITION COMPANY 6, LLC,** ) | |
| **d/b/a I-70 COMMUNITY HOSPITAL,** ) | **Chapter 11** |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that copies of the **TRUSTEE'S MOTION TO CONVERT CASE FROM ONE UNDER CHAPTER 11 TO ONE UNDER CHAPTER 7** were served in accordance with the local rules via electronic service through CM/ECF upon those who have registered for such service listed on **Exhibit A** on September 18, 2020.

This the 18th day of September 2020

                                            **WALDREP LLP**

                                            /s/ *James C. Lanik*
                                            Thomas W. Waldrep, Jr. (NC State Bar No. 11135)
                                            James C. Lanik (NC State Bar No. 30454)
                                            Jennifer B. Lyday (NC Bar No. 39871)
                                            101 S. Stratford Road, Suite 210
                                            Winston-Salem, NC 27104
                                            Telephone: 336-717-1440
                                            Telefax: 336-717-1340
                                            Email: notice@waldrepllp.com

**EXHIBIT A**

*VIA CM/ECF*

Rayford K. Adams, III on behalf of Debtors

Jason L. Hendren on behalf of Trustee Thomas W. Waldrep, Jr.

Rebecca F. Redwine on behalf of Trustee Thomas W. Waldrep, Jr.

Benjamin E.F.B. Waller on behalf of Trustee Thomas W. Waldrep, Jr.

James C. Lanik on behalf of Trustee Thomas W. Waldrep, Jr.

Jennifer B. Lyday on behalf of Trustee Thomas W. Waldrep, Jr.

Thomas W. Waldrep, Jr. on behalf of Trustee Thomas W. Waldrep, Jr.

Marjorie K. Lynch on behalf of Bankruptcy Administrator Marjorie K. Lynch

Brian Behr on behalf of Bankruptcy Administrator Marjorie K. Lynch

Kirstin E. Gardner on behalf of Bankruptcy Administrator Marjorie K. Lynch

Sean D. Malloy on behalf of Thomas W. Waldrep, Jr.

Micah E. Marcus on behalf of Thomas W. Waldrep, Jr.

Ryan J. Adams on behalf of Creditor Aspirar Medical Lab, LLC

Brian R. Anderson on behalf of Health Care Ombudsman Suzanne Koenig

Thomas E. Austin Jr. on behalf of Creditor Cigna Health and Life Insurance Company

Sam G. Bratton, II on behalf of Debtor CAH Acquisition Company 12, LLC, and Interested Party Doerner, Saunders, Daniel & Anderson, LLP

E. Franklin Childress on behalf of Creditor CAH Acquisition Company 11, LLC

W. Tyler Chastain on behalf of Creditor ERx, LLC

John Paul H. Cournoyer on behalf of Creditor Sun Finance, Inc., Creditor Paul L. Nusbaum, Creditor Steven F. White, and Interested Party Rural Community Hospitals of America, LLC

Erin K. Duffy on behalf of Interested Party Boa Vida Foundation

Dennis M. Duffy on behalf of U.S. Department of Health and Human Services, U.S. Internal Revenue Service

Joseph Samuel Dowdy on behalf of Creditor Blue Cross Blue Sheild of North Carolina

Paul A. Fanning on behalf of Interested Party Cohesive Healthcare Management and Consulting, LLC

Jonathan E. Friesen on behalf of Creditor Wendy C. Phillips

Terri L. Gardner on behalf of Petitioning Creditor Medline Industries, Inc., Petitioning Creditor Washington County, NC, and Petitioning Creditor Robert Venable, M.D.

Steven A. Ginther on behalf of Creditor Missouri Department of Revenue

Lauren A. Golden, on behalf of United States Department of Health and Human Services

David J Haidt on behalf of Creditor Fairfax Healthcare Authority, Creditor First Liberty Bank, Interested Party City of Drumright, Oklahoma, Interested Party Cohesive Healthcare Management and Consulting, Interested Party Fairfax Healthcare Authority, Interested Party Brent King, and Other Professional C. David Rhoades

Patricia E. Hamilton on behalf of Interested Party Brent King

Tyler E. Heffron on behalf of Interested Party City of Hillsboro, Kansas and the Public Building Commission of Hillsboro, Kansas

William P. Janvier on behalf of Interested Party Boa Vida Foundation

Eric L. Johnson on behalf of Creditor First Capital Corporation

Pamela P. Keenan on behalf of Creditor Hitachi Capital America Corp.

Rebecca Lindahl on behalf of Affinity Health Partners, LLC

Lara S. Martin on behalf of Beckman Coulter Inc.

Katherine Montgomery McCraw on behalf of Creditor NC Dept of Health and Human Services, DHB

Christopher A. McElgunn on behalf of Interested Party Security Bank of Kansas City

Dan Nelson on behalf of Premier Speciality Network, LLC

Felton E. Parrish on behalf of Interested Party Bank of Hays, Interested Party City of Hillsboro, Kansas, and the Public Building Commission of Hillsboro, Kansas, Interested Party Security Bank of Kansas City, Interested Party Brent King

Nancy A. Peterman on behalf of Health Care Ombudsman Suzanne Koenig

Mathew A. Petersen on behalf of Creditor First Capital Corporation

Stephen W. Petersen on behalf of Creditor First Capital Corporation

William Walt Petitt on behalf of Creditor Complete Business Solutions Group, Inc.

Ross A. Plourde on behalf of Cohesive Healthcare Management and Consulting LLC

Michael J. Quinn on behalf of United States Department of Health and Human Services

Ethridge B. Ricks on behalf of Interested Party Rural Wellness Fairfax, Inc.

Hugh M. Robert on behalf of Transcendental Union and Love Spiritual Advancement

Ciara L. Rogers on behalf of Sherwood Partners, Inc.

Marc S. Sacks on behalf of U.S. Department of Justice

Byron L. Saintsing on behalf of Siemens Financial Services, Inc.

Brian H. Smith on behalf of Creditor Complete Business Solutions Group, Inc.

Wesley F. Smith on behalf of Interested Party Brent King

John M. Sperati on behalf of Creditor Somerset Capital Group, Ltd. and Somerset Leasing Corp, XXII

Jerry P. Spore on behalf of Creditor Stone Bank

Jonathon O. Steen on behalf of Creditor Stone Bank

Sharon L. Stolte on behalf of Interested Party Brent King

Jeffrey R. Whitley on behalf of Creditor First Capital Corporation

Kristina Marie Wesch on behalf of Interested Party First Physicians Capital Group

Eric Winston on behalf of Interested Party Rural Wellness Fairfax, Inc.

Nicholas Zluticky on behalf of Creditor First Liberty Bank and Interested Party Bank of Hays